UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jennifer M. Racz, M.D.,   File No. 21-cv-01132 (ECT/JFD)

    Plaintiff,

v.   **OPINION AND ORDER**

Mayo Clinic,

    Defendant.

Andrew P. Muller, Muller, Muller and Associates PLLC, Minneapolis, MN and Joseph A. Larson, Joseph A. Larson Law Firm PLLC, Minneapolis, MN, for Plaintiff Jennifer M. Racz, M.D.

George R. Wood, Carroll T. Wright, and Katherine Nyquist, Littler Mendelson P.C., Minneapolis, MN, for Defendant Mayo Clinic.

    Plaintiff Jennifer M. Racz, M.D., a former employee and patient of Defendant Mayo Clinic, asserts two distinct sets of claims in this case. The first set of claims arises under federal and Minnesota law and concerns adverse actions taken against her *as a Mayo employee*. The second arises under Minnesota law and concerns the improper access and release of records documenting health care provided to Dr. Racz *as a Mayo patient*.

    The basic allegations comprising this second category are straightforward: A then-employed Mayo physician, Dr. Ahmad Sughayer, improperly accessed and viewed the health records of approximately 1,600 Mayo patients, Dr. Racz's records among them. *See* Am. Compl. ¶ 55 [ECF No. 39]. Dr. Racz's records "include[d] images taken while she was fully or partially nude, pertaining to [her] obstetrical, gynecological[,] and

dermatological treatment." *Id.* ¶ 56.  Dr. Sughayer "had no legitimate reason to access [Dr. Racz's] medical records[.]"  *Id.* ¶ 57.  Dr. Racz alleges that Mayo is vicariously liable for Dr. Sughayer's conduct because Dr. Sughayer was employed by Mayo and that his unauthorized access of medical records was foreseeable and arose from and "occurred in time and space related to his job duties."  *Id.* ¶ 58.  Dr. Racz also alleges that "[t]he access and disclosure of [her] medical records was a result of [Mayo's] negligence or intentional conduct."  *Id.* ¶ 59.  Dr. Racz asserts claims arising out of these allegations under the Minnesota Health Records Act, specifically Minn. Stat. § 144.298, subd. 2 (Count Eight), and for invasion of privacy under Minnesota common law (Count Nine).  Am. Compl. ¶¶ 111–19.

Mayo has filed a motion to dismiss or, alternatively, to stay these claims under the *Colorado River* abstention doctrine.[1]  Mayo's motion is based on the pendency of cases—including two putative class actions—in Minnesota District Court, Olmsted County, asserting claims arising from Dr. Sughayer's accessing of medical records.  Mayo argues essentially that it would serve the important interests of judicial economy and litigation efficiency to require Dr. Racz to pursue her unauthorized-health-records-access claims as a class member in one of the Olmsted County cases.  Mayo's motion will be denied.  As

---

[1]   To be clear, Mayo does not seek to dismiss or stay Dr. Racz's claims arising out of adverse actions taken against her as a Mayo employee—*i.e.*, Counts One through Seven of her Amended Complaint—so those claims will go forward here regardless.

2

things stand, the better answer is that the considerations underlying *Colorado River* do not favor abstention.[2]

The basic principles of *Colorado River* abstention are settled, if sometimes difficult to apply. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "[A] federal court may divest itself of jurisdiction by abstaining only when [1] parallel state and federal actions exist and [2] exceptional circumstances warrant abstention." *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009). A state-court case is "parallel" to a federal case when there is "a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013). "[I]n keeping with the Supreme Court's charge to abstain in limited instances only, jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings." *Fru-*

---

[2] At the hearing on Mayo's abstention motion, the issue of subject-matter jurisdiction over Dr. Racz's unauthorized-health-records-access claims was raised *sua sponte*. Specifically, in her original complaint, Dr. Racz alleged there was federal-question jurisdiction over her federally-created claims under 28 U.S.C. § 1331 and supplemental jurisdiction over her state-law claims under 28 U.S.C. § 1367(a). Compl. ¶ 5 [ECF No. 1]. Dr. Racz's federal-law claims arise out of adverse actions taken regarding her employment. *Id.* ¶¶ 62–81. To the extent they concern these same adverse employment actions, there really isn't much question that Dr. Racz's state-law claims arise out of a common nucleus of operative facts. Dr. Racz's unauthorized-health-records-access claims, however, have nothing to do with her employment. These claims concern her status as a Mayo patient and depend on very different facts. *See* Def.'s Ltr. [ECF No. 34] (explaining persuasively why Dr. Racz's unauthorized-health-records-access claims do not arise from facts in common with her employment claims). Regardless, this issue is no longer in play because Dr. Racz, with Mayo's consent, has filed an amended complaint in which she also alleges the presence of diversity jurisdiction under 28 U.S.C. § 1332(a). Am. Compl. ¶¶ 1–2, 5.

*Con Constr.*, 574 F.3d at 535. Our Eighth Circuit Court of Appeals considers six factors to determine whether exceptional circumstances exist:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was field first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Spectra Commc'ns Grp., LLC v. City of Cameron*, 806 F.3d 1113, 1121 (8th Cir. 2015) (quoting *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995)). These factors are to be applied "'in a pragmatic, flexible manner with a view to the realities of the case at hand.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 21 (1983)). The Supreme Court has "permitted federal courts applying abstention principles in damages actions to enter a stay," but not "to dismiss the action altogether." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996).

Here, this case and the state-court cases Mayo has identified are not parallel. Mayo has identified three state-court cases: *Bloxton-Kippola v. Mayo Clinic*, No. 55-CV-20-6188 (Olmsted Cnty., Minn.); *Ryabchuk v. Mayo Clinic*, No. 55-CV-20-6445 (Olmsted Cnty., Minn.); and *K.M.M. v. Mayo Clinic*, No. 55-CV-21-3075 (Olmsted Cnty., Minn.).[3] Take

---

[3] As noted, Dr. Racz identifies the physician who unlawfully obtained her medical records as Dr. "Sughayer." Mayo and the state-court plaintiffs identify this physician as Dr. "Alsughayer." *E.g.*, Answer [ECF No. 12] ¶¶ 55-58; Karpenko Decl. Ex. A at 4, Ex. B at 16, Ex. C at 32 [ECF No. 17-1].

4

the last case first. Mayo doesn't seem to argue that *K.M.M.* is parallel in the relevant sense. This is understandable. *K.M.M.* is an individual damages suit. *See* Karpenko Decl. Ex. C. An individual damages suit to which Dr. Racz is not a party cannot dispose of Dr. Racz's claims. The other two cases, *Bloxton-Kippola* and *Ryabchuk*, are putative class actions, raising at least a theoretical possibility that either or both might include Dr. Racz as an absent class member and adjudicate her unauthorized-health-records-access claims at some future date. But the better answer is that neither of these cases is parallel. First, certification is essential if *Bloxton-Kippola* or *Ryabchuk* is to dispose of Dr. Racz's claims, but any certification decision is several months away. Under the current scheduling orders in those cases, the "Deadline for Class Certification" is May 27, 2022.[4] *Bloxton-Kippola*, Am. Sched. Order at 1 (Oct. 14, 2021); *Ryabchuk*, Am. Sched. Order at 1 (Sept. 17, 2021). In other words, these cases cannot today dispose of Dr. Racz's claims. Second, if certification was certain (that's a big if), there still would remain considerable uncertainty whether *Bloxton-Kippola* or *Ryabchuk* would dispose of Dr. Racz's claims. In both *Bloxton-Kippola* and *Ryabchuk*, certification is sought under Minn. R. Civ. P. 23.02(c). Karpenko Decl. Ex. A ¶ 43, Ex. B ¶ 25. If a class were certified in either case as proposed under Rule 23.02(c), Dr. Racz would remain free to opt out and pursue her claims individually (presumably here). *See Bacon v. Bd. of Pensions of the Evangelical Lutheran*

---

[4] There is some vagueness about this deadline. It is not clear whether it is the deadline for class-certification motions to be filed, for class-certification briefing to be completed, for a hearing on class-certification motions, or perhaps for a decision on class-certification motions. For purposes of adjudicating Mayo's *Colorado River* abstention motion, what matters is that under any of these understandings, a class-certification decision is months off.

*Church in Am.*, 930 N.W.2d 437, 441 (Minn. Ct. App. 2019); 15 *Minn. Prac., Civil Practice Forms* § 23:1 (3d ed. Aug. 2021 Update) ("Class members may opt out of a Rule 23.02(c) class, and the judgment may not be binding on all class members."). In light of her opposition to Mayo's abstention motion, it seems highly likely that Dr. Racz would opt out, and if that occurred, then neither *Bloxton-Kippola* nor *Ryabchuk* could dispose of the unauthorized-health-record-access claims Dr. Racz asserts in this case. *Ryabchuk* is different in one respect. There, in addition to Rule 23.02(c), certification is sought under Rule 23.02(a) and (b). Karpenko Decl. Ex. B ¶¶ 22–24. If a class were certified under Rule 23.02(a) or (b) in *Ryabchuk*, then class membership would be mandatory, and Dr. Racz would not be permitted to opt out. *Bacon*, 930 N.W.2d at 441. The possibility of a Rule 23.02(a) or (b) certification seems dubious, *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614–15 (1997), but that doesn't really matter. What matters is that it would make little pragmatic sense to put Dr. Racz's unauthorized-health-record-access claims on hold here to account for the possibility of a mandatory class being certified in state court several months from now. Better to address that situation if and when it arises.

The authorities Mayo cites do not justify a different result. In its opening brief, Mayo cites four cases from this District for the proposition that dismissal or a stay is appropriate here, Def.'s Mem. in Supp. at 2 [ECF No. 15], but these cases are distinguishable. Three of the cases did not involve state-court class actions (either putative or certified) as parallel proceedings. *NDGS, LLC v. Radium2 Cap., Inc.*, No. 19-cv-1554 (SRN/BRT), 2019 WL 5065187, at *2, 4 (D. Minn. Oct. 9, 2019); *Republic Bank of Chi. v. Lighthouse Mgmt. Grp., Inc.*, 829 F. Supp. 2d 766, 770–71, 775–76 (D. Minn. 2010);

6

*Keever v. Dykema*, No. 01-cv-1855 (ADM/AJB), 2002 WL 273149, at *2–3, 4 (D. Minn. Feb. 25, 2002). Without that feature, it is difficult to conclude that these cases have much to say about this case. In the fourth case, the court abstained in deference to pending putative class cases in Minnesota state district court, *Calleros v. FSI Int'l, Inc.*, 892 F. Supp. 2d 1163, 1166 (D. Minn. 2012), but the holding in *Calleros* has been abrogated by *Cottrell v. Duke*, 737 F.3d 1238, 1245–48 (8th Cir. 2013) ("*Colorado River* does not apply when an exclusively federal claim is properly before the district court."). Further, *Calleros* does not address the specific class-certification questions implicated here. In its reply brief, Mayo cites several non-binding cases for the proposition that actions can be parallel even where a state court class is not yet certified. Def.'s Reply at 5 [ECF No. 28]. These cases are distinguishable because the federal court plaintiff in each case was a party—not merely a potential party via a would-be class—to the state court action. *See Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1988); *GGNSC Holdings, LLC v. Shearer*, No. 1:14-CV-00003-KGB, 2014 WL 4929435, at *1 (E.D. Ark. Sept. 30, 2014); *Stampley v. LVNV Funding, LLC*, 583 F. Supp. 2d 960, 961 (N.D. Ill. 2008); *Clements v. J.D. O'Brien Olds-Cadillac-GMC, Inc.*, 744 F. Supp. 838, 839 (N.D. Ill. 1990).

Lack of parallelism aside, application of the Eighth Circuit's six factors shows that there are not exceptional circumstances here. There is no res over which any one court has established jurisdiction. The federal forum is not inconvenient. It is true that the possibility of piecemeal litigation exists. For example, Mayo will face discovery requests in the state court and here. Mayo may have to file dispositive motions addressing some of the same legal issues there and here. And Mayo may face separate trials. Procedures exist that

would minimize these problems.  For example, the Parties reasonably should be expected to coordinate discovery regarding Dr. Racz's unauthorized-health-records-access claims in this case with what occurs in state court.  To the extent legal questions overlap, work on dispositive motions in state court should save time here and vice-versa.  Regardless, these problems are common to many types of concurrent litigation, and it seems difficult to characterize them as exceptional.  As far as the record shows, the state cases have not made meaningfully greater progress relative to this one.  The state court has issued decisions on dismissal motions and discovery presumably is underway, but this case is on a comparable timetable.  *See* ECF No. 33.  Though Dr. Racz's claims arise under state law, they are not of a character inappropriate for a federal forum.  Finally, while no one disputes the adequacy of the state forum to adjudicate these claims, Dr. Racz seeks to pursue her claims alone and here.  No circumstances warrant overriding that choice.

## ORDER

Therefore, based on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Mayo Clinic's Motion to Dismiss or, Alternatively, Stay Counts 8 and 9 of Plaintiff's Complaint [ECF No. 14] is **DENIED**.

Dated:  October 29, 2021        s/ Eric C. Tostrud
                                                                Eric C. Tostrud
                                                                United States District Court